# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 11, 2020     Decided November 13, 2020

No. 19-5260

BETHESDA HEALTH, INC., DOING BUSINESS AS BETHESDA
MEMORIAL HOSPITAL, ET AL.,
APPELLEES

v.

ALEX M. AZAR, II, IN HIS OFFICIAL CAPACITY AS SECRETARY
OF HEALTH AND HUMAN SERVICES,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-00875)

———

*Jennifer L. Utrecht*, Attorney, U.S. Department of Justice, argued the cause for appellant. With her on the briefs were *Mark B. Stern*, Attorney, *Robert P. Charrow*, General Counsel, U.S. Department of Health & Human Services, *Janice L. Hoffman*, Associate General Counsel, *Susan Maxson Lyons*, Deputy Associate General Counsel for Litigation, and *Debra M. Laboschin*, Attorney.

*Ashley C. Parrish* argued the cause for appellees. With him on the brief were *Mark D. Polston*, *Christopher P. Kenny*, and *Gabriel Krimm*.

Before: SRINIVASAN, *Chief Judge*, KATSAS, *Circuit Judge*, and GINSBURG, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* GINSBURG.

GINSBURG, *Senior Circuit Judge*: The Social Security Act provides hospitals treating a disproportionate number of patients under Medicaid with a higher rate of reimbursement under Medicare. 42 U.S.C. § 1395ww(d)(5)(F). In calculating the proportion of treatment a hospital provided to Medicaid patients (the Medicaid fraction), the statute and relevant regulations permit the hospital to include not just patients covered under traditional Medicaid plans, but also patients eligible for treatment under experimental Medicaid "demonstration projects" approved by the Secretary of Health and Human Services. *See id.*; 42 C.F.R. § 412.106(b)(4).

In calculating their Medicaid fractions, the plaintiff hospitals sought to include days of care funded by Florida's Low Income Pool, an approved Medicaid demonstration project. Through the Low Income Pool, the State of Florida and the federal government jointly reimbursed hospitals for care provided to uninsured and underinsured patients. The Secretary, however, refused to allow the hospitals to include these patients in their Medicaid fraction, on the ground that the patients were treated out of charity rather than as designated beneficiaries of a demonstration project.

The district court disagreed with the Secretary's analysis. *Bethesda Health, Inc. v. Azar*, 389 F. Supp. 3d 32 (2019). As the court explained, the Secretary's own regulation states that, for the purposes of calculating the Medicaid fraction, "hospitals may include all days attributable to populations eligible for [Medicaid] matching payments through a

[demonstration project]" so long as the services provided under the demonstration project include "inpatient hospital services." 42 C.F.R. § 412.106(b)(4)(i)-(ii). It was "obvious to the [c]ourt that uninsured and underinsured patients received inpatient hospital services" through the Low Income Pool, because (1) the Secretary authorized federal matching funds to reimburse hospitals for these services, and (2) the hospitals rigorously documented the services provided using funds from the Pool. *Bethesda*, 389 F. Supp. 3d at 45.

The district court found the Secretary's arguments to the contrary unpersuasive. The Secretary argued the text of the regulation allows hospitals to include days of care provided under a demonstration project only if the project entitles specific patients to specific benefit packages. *Id.* at 47-48. As the court noted, however, this is not what the regulation says. Rather, a patient must have been "eligible for inpatient services," meaning the demonstration project enabled the patient to receive inpatient services, regardless whether the project gave the patient a *right* to these services or allowed the patient to enroll in an insurance plan that provided the services. *Id.* at 43-44, 47-48. Here, it is not disputed the patients who received inpatient care were eligible to do so because each was either uninsured or underinsured. *Id.* at 48. The court also rejected the Secretary's reliance upon *Adena Reg'l Med. Ctr. v. Leavitt*, 527 F.3d 176 (D.C. Cir. 2008), as that case did not involve a demonstration project. *Bethesda*, 389 F. Supp. 3d at 51-52.

Just last year, the Fifth Circuit considered the same issues in another case in which the Secretary tried to exclude from the Medicaid fraction days of care funded through an "uncompensated care pool" created by a demonstration project. *Forrest Gen. Hosp. v. Azar*, 926 F.3d 221 (2019). The pool reimbursed hospitals in Mississippi for services provided to

uninsured patients affected by Hurricane Katrina, but did not entitle specific patients to specific services. *Id.* at 226. The Secretary made arguments nearly identical to those he presents here, but the Fifth Circuit held the "plain regulatory text demands that such days be included — period." *Id.* at 234 (citing *HealthAlliance Hosps., Inc. v. Azar*, 346 F. Supp. 3d 43, 60 (D.D.C. 2018)). The district court here reached the same well-reasoned conclusion.

We see no flaw in Judge Collyer's analysis and therefore embrace the district court's opinion as the law of this circuit. The judgment of the district court is, accordingly,

*Affirmed.*